**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELIZABETH SCHOEN AND THE NATIONAL FEDERATION OF THE BLIND ) ) ) | Civil Action No. |
| Plaintiffs/Petitioners, ) ) ) | |
| V. ) ) | **COMPLAINT** |
| SEAN DUFFY, UNITED STATES SECRETARY ) OF TRANSPORTATION AND UNITED ) STATES DEPARTMENT OF ) TRANSPORTATION ) | |

Defendants/Respondents.

**INTRODUCTION**

1.    This suit seeks to end the United States Department of Transportation's failure to consider, and/or unreasonable delay in rendering a decision granting or denying Plaintiffs'/Petitioners' (hereafter collectively referred to as "Plaintiffs") petition for an exemption to regulatory provisions that unlawfully impact the ability of blind passengers to independently arrange and complete air travel with a guide dog, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

2.    Plaintiffs properly filed the petition attached as Exhibit 1 on January 29, 2024.

3.    Despite its obligation to make and notify Plaintiffs of such decisions within a timeframe established by the requested date of action as provided in applicable agency regulations, and despite several subsequent requests for a determination of the petition, Defendants have taken no action to grant or deny the petition.

4.    Action on the petition is necessary to enforce Section 504's mandate that no individual be subjected to discrimination based on disability in any program or activity conducted by an executive agency. The Defendants/Respondents failure to act has meant that the discriminatory regulation and practice remain in place and Plaintiffs and others continue to suffer

discrimination based on their disability.

5.    Plaintiffs seek an order declaring Defendants' delay to be unreasonable, and a writ of mandamus and order requiring them to consider and grant or deny Plaintiffs' petition for an exemption and prepare and issue to Plaintiffs a notice of that grant or denial in no more than sixty days. Plaintiffs also seek reasonable attorneys' fees and costs and other appropriate relief as determined to be necessary by this court.

## PARTIES

6.    Plaintiff/Petitioner Elizabeth Schoen is a resident of Chicago, Illinois, where she is enrolled as a graduate student at the University of Chicago Divinity School.

7.    Ms. Schoen is blind and is thus an individual with a disability as defined by Section 7 of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20), and is an individual with a physical impairment that substantially limits one or more major life activities protected by the Air Carrier Access Act, 49 U.S.C. § 41705(a)(1). She uses a guide dog as a mobility aid and is a member of the National Federation of the Blind.

8.    Plaintiff/Petitioner National Federation of the Blind ("NFB"), the oldest and largest national organization of blind persons, is a 501(c)(3) non-profit corporation duly organized under the laws of the District of Columbia and headquartered in Baltimore, Maryland. It has state affiliate organizations in all 50 states, D.C., and Puerto Rico. Many state affiliates also have local chapters.

9.    The NFB is a membership organization comprising thousands of blind people, including Plaintiff Elizabeth Schoen, as well as their family members and other individuals who care about issues facing the blind community. The NFB includes special interest divisions that organize blind people around professions (e.g., blind business owners and teachers), stages of life (e.g., blind students and seniors), as well as shared characteristics (e.g., Guide Dog Users).

10.    The NFB and its affiliates are recognized by the public, Congress, executive agencies, and the courts as a collective and representative voice on behalf of blind Americans and their

families.

11.    Defendant/Respondent United States Department of Transportation ("DOT") is an executive agency of the United States Government and has its headquarters and principal place of business in Washington, D.C.   The Federal Aviation Administration (FAA) is an operating mode of DOT. Included within the DOT is the Office of the Secretary of Transportation ("OST").

12.    Defendant/Respondent Sean Duffy is the current U.S. Secretary of Transportation and head of the OST.   He is sued in his official capacity.

13.    As the U.S. Secretary of Transportation, Mr. Duffy is responsible for the administration of DOT and OST, including administrative procedures.   Defendants/Respondents DOT and Duffy are referred to collectively as "Defendants.

## JURISDICTION AND VENUE

14.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, 2201, and 2202, as well as 5 U.S.C. § 702.

15.    Venue in this Court is proper pursuant to 5 U.S.C. § 703 and 28 U.S.C. §1391(b) because Defendant DOT has its headquarters in this district, because Defendants do business in this district, and because the events or omissions complained of occurred in this district.

## BACKGROUND AND FACTS

16.    On January 29, 2024, Plaintiffs filed a petition for exemption from 14 C.F.R. §§ 382.27(b)(3), 75, and 79, which allow airlines to require passengers to complete forms – the United States Department of Transportation Service Animal Air Transportation and Relief Attestation Forms – to travel with a service animal (attached as Exhibit 2). As explained in the petition and supporting exhibits, those DOT-provided forms are not independently accessible to between forty and seventy percent of the blind population who use guide dog service animals. Providing those forms and allowing airlines to require them violates DOT's obligations under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Plaintiffs filed the petition with the Federal Aviation

Administration as provided in 49 C.F.R. 28.170(b)(2), under the procedures established under 49 C.F.R. § 5.3(d)(1)(v), (effective May 3, 2021, to May 26, 2026) where it was docketed as FAA-2024-0286 on January 31, 2024. Effective May 27, 2026, 49 C.F.R. § 5.3(d)(1)(v) was amended, and the procedures for review of petitions for exemption were re-codified at 49 C.F.R. § 5.13(c). The DOT, through its General Counsel, was and is required to comply with the regulations for petitions for exemption when responding to such petitions. 49 C.F.R. § 1.27 (2021, and as amended in 2026).

17.     The petition requested that the exemption sought become effective on May 28, 2024, pursuant to FAA's requirement that such petitions be submitted one hundred twenty days before the requested exemption should take effect. 14 C.F.R. § 11.63(d).

18.     On February 1, 2024, Defendant DOT removed and refiled Plaintiffs' petition with the Office of the Secretary of Transportation ("OST"), docketed as DOT-OST-2024-0014.

19.     Under the applicable regulations for that office, such petitions for exemptions must "unless good cause is shown in that petition, be submitted at least 60 days before the proposed effective date of the exemption." 49 C.F.R. § 5.3(d)(1)(v).  That obligation continues under the amendments to 49 C.F.R. § 5.13(c)(4)(1)(E).

20.     On April 12, 2024, at the request of OST, Plaintiffs' counsel emailed OST requesting that the petition be considered pursuant to the Secretary of Transportation's authority under 49 U.S.C. § 40109(c) and explaining why the Secretary had authority to grant the petition under that authority. OST confirmed receipt of that email on April 16, 2024.

21.     On May 20, 2024, representatives of Plaintiff NFB and Plaintiffs' counsel met with OST to discuss, inter alia, Plaintiffs' petition.

22.     OST indicated it would work to address Plaintiffs' concerns but did not indicate whether it would grant or deny Plaintiffs' petition for an exemption.

23.     Neither Plaintiffs nor their counsel have been advised that any action has been taken

on their Petition, or that any other steps have been implemented to address their concerns. On information and belief, Defendants have not made any progress in addressing the concerns that form the basis of Plaintiffs' petition, nor have they taken any steps toward addressing those concerns.

24.     On September 18, 2025, Plaintiffs' counsel emailed OST requesting a decision on the petition. Plaintiffs received no response.

25.     On October 21, 2025, Will Simpson, one of the individuals who joined in the petition, died awaiting a decision on the petition.

26.     On March 17, 2026, Plaintiffs' counsel reiterated their request for a decision. Again, Plaintiffs received no response.

## CAUSES OF ACTION

**COUNT I: Violations of 5 U.S.C. §§ 551, et seq.:**
**Agency Action Unreasonably Delayed (All Defendants for Injunctive and Declaratory Relief)**

27.     Plaintiffs incorporate by reference all the allegations of fact maintained in the previous paragraphs.

28.     This Court is empowered by 5 U.S.C. §§ 702 and 706(1) to compel agency action unreasonably delayed.

29.     This Court is empowered by 28 U.S.C. § 2201 to declare the rights of Plaintiffs regarding the issues presented in this Complaint.

30.     49 C.F.R. § 5.3(d)(1)(v), effective May 3, 2021, to May 26, 2026, allowed for the filing of and decision on petitions for exemption that are to go into effect 60 days after submission of the petition. This provision is also contained in regulation, 49 C.F.R. § 5.13(c)(4)(i)(e), effective May 27, 2026.

31.     At the time the petition was submitted, through May 26, 2026, 14 C.F.R. § 5.3(v) required that notice of the granting or denial of a petition for exemption be provided to the

petitioner. This requirement is currently imposed on the OST by operation of 49 C.F.R. § 5.13(c)(4)(v) which provides that "Whenever the OA or OST component determines that a petition should be granted or denied, and after consultation with the Office of Regulation and Legislation in the case of denial, the office concerned prepares a notice of that grant or denial for issuance to the petitioner, and issues it to the petitioner."

32.     At the time of the filing of this action, it has been more than nine hundred days since Plaintiffs filed their petition.

33.     Defendants have failed to take action within the timeframes provided by applicable regulations.

34.     Defendants unreasonably delayed their decision on Plaintiffs' petition, without cause or explanation, thereby denying the Plaintiffs the benefit of a timely and transparent resolution of their petition.

35.     Defendants' delay severely impacts Plaintiffs' health and welfare, as it impacts their ability to arrange for and travel independently.

36.     Plaintiffs' rights and interests are prejudiced by Defendants' delay, as everyday Defendants' decision is delayed is another day Plaintiffs are subjected to prohibited discriminatory treatment based on their disability, in violation of Section 504.

37.     As a result of Defendants' delay, Plaintiffs have suffered harm, for which legal relief is insufficient. Therefore, Plaintiffs seek injunctive relief directing Defendants to immediately consider and issue a decision on Plaintiffs' petition for exemption.

38.     Plaintiffs seek a declaration from this Court that 1) Plaintiffs were and are entitled to a decision on their petition within a reasonable time; and 2) that time is not to exceed 60 days from the date of the petition, or the requested effective date of the exemption, whichever is later.

**COUNT II: Mandamus (Defendant Duffy in His Capacity as the Head of the OST)**

39.     Plaintiffs incorporate by reference all allegations of fact maintained in the previous

paragraphs.

40.     This Court is empowered by 28 U.S.C. § 1361 to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiffs.

41.     Before May 27, 2026, pursuant to 49 C.F.R. § 5.3(d)(1)(i)-(v) Defendant Duffy as head of the OST owed a duty to Plaintiffs to timely consider their petition, and to grant or deny the petition and provide notice to the Plaintiffs before the effective date proposed in the petition, or, in the alternative, within a reasonable period of time. Defendants failed to perform that duty.

42.     Effective May 27, 2026, pursuant to   49 C.F.R. § 5.13(c)(4)(v) Defendant Duffy, as head of the OST,  owed and continues to owe a duty to Plaintiffs to consider their petition, and to grant or deny the petition and provide notice to the Plaintiffs before the effective date proposed in the petition, or, in the alternative, within a reasonable period of time.

43.     Defendant has failed to take action within the timeframes provided by applicable regulations.

44.     Defendant unreasonably delayed his decision on Plaintiffs' petition, without cause or explanation, thereby denying the Plaintiffs the benefit of a timely and transparent resolution of their petition.

45.     Defendants have failed and are failing to perform their duty to consider and issue Plaintiffs' petition.

46.     Performance of that duty has been egregiously delayed, and Plaintiffs have suffered and continue to suffer because of the resulting limbo of that delay.

47.     Plaintiffs are entitled to a writ of mandate directing Defendant Duffy, or any successive head of the OST, to consider the petition and exercise their discretion to grant or deny the petition.

### PRAYER FOR RELIEF

WHEREFORE Plaintiffs request that the Court grant the following relief:

a.    Enter a judgment in their favor, and against Defendants;

b.    Declare that Defendants unreasonably delayed a decision on Plaintiffs' petition for an exemption in violation of the Administrative Procedure Act;

c.    Order Defendants to grant or deny Plaintiffs' petition for an exemption and prepare and issue to Plaintiffs a notice of that grant or denial in no more than sixty days; or, in the alternative, do so within a reasonable time certain;

d.    Issue a writ of mandamus requiring Defendant Duffy to grant or deny Plaintiffs' petition for an exemption and prepare and issue Plaintiffs a notice of that grant or denial in no more than sixty days; or, in the alternative, do so within a reasonable time certain;

e.    Award Plaintiffs their reasonable fees, costs, and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 2412 and other applicable statutes; and

f.    Order such other and further relief that this Court may deem just and proper.

DATED: July 21, 2026                              Respectfully submitted,

_s/ Albert Elia_____
Albert Elia
DISABILITY LAW UNITED
196 Utica Ave., 1011
Brooklyn, NY 11213
(303) 757-7901
aelia@dlunited.org

*Attorney for Plaintiffs*

8